IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JAIDYN WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 8:25-cv-3255 |
| v. | ) | |
| | ) | |
| DISCOVER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, JAIDYN WASHINGTON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DISCOVER BANK, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    JAIDYN WASHINGTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lakeland, County of Polk, State of Florida.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6.      At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's DISCOVER Account")

7.      At all relevant times, Plaintiff's DISCOVER Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8.      At all relevant times, Plaintiff's DISCOVER Accounts was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9.      DISCOVER BANK, (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10.     At all relevant times, Defendant was a bank that held Plaintiff's DISCOVER Account.

11.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13.     At all relevant times, an unknown recipient received funds from Plaintiff's DISCOVER Account, which were transferred to an unknown recipient via an electronic terminal, telephonic instruction or computer or magnetic tape after an

unknown recipient instructed Defendant to transfer funds to an unknown recipient from Plaintiff's DISCOVER Account.

## IV.    ALLEGATIONS

14.    On or about March 3, 2025, Plaintiff received a text message to her cell phone purportedly from Defendant which stated, "DISCOVER. :DID YOU SPEND $404.75 PURCHASE @PULIX 03/03. ? Reply YES=1/NO=2."

15.    Plaintiff did not reply to the text.

16.    Minutes after receiving the above text, Plaintiff received a phone call from 1 (800) 347-0350.

17.    Upon information and belief, 1 (800) 347-0350 is a telephone number belonging to Defendant.

18.    Plaintiff answered the above phone call and was advised that she was being called by Defendant's fraud detection line.

19.    During the aforementioned telephone conversation, the purported representative of Defendant asked Plaintiff if she participated in a Zelle transfer of $1,200, and Plaintiff replied that she did not.

20.    During the 33-minute conversation with the purported representative of Defendant, Plaintiff received four (4) additional text messages, purportedly from Defendant, each stating, "Discover Bank: Please enter code [a 6-digit number] as your temporary identification code when prompted. If you did not request this code, please contact us. Send STOP to quit."

21.     Plaintiff did not notice these texts while on the phone call, and she did not provide the purported representative or any other person with the codes or any information about the texts.

22.     On or about March 3, 2025, while the aforementioned conversation was ongoing and while the aforementioned texts were being sent, Defendant sent an email to Plaintiff, referencing a contact named "Baby Zaddy" and stating, "changes were made to Baby's contact information.  If you did not request those changes, contact customer support immediately."

23.     Plaintiff did not know a Baby Zaddy and did not have any previous contact with any person named or that used the name Baby Zaddy.

24.     Plaintiff did not ever communicate with or send money to or from Baby Zaddy at any time before and does not know who this person is.

25.     On or about March 3, 2025, $1,200.00 was debited from Plaintiff's DISCOVER Checking Account by an unknown recipient to Baby Zaddy.

26.     Prior to March 3, 2025, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's DISCOVER Account on March 3, 2025, by Baby Zaddy.

27.     Plaintiff did not provide Baby Zaddy with consent to debit funds from Plaintiff's DISCOVER Account on March 3, 2025.

28.     Plaintiff did not provide Defendant with consent for Baby Zaddy to debit funds from Plaintiff's DISCOVER Account on March 3, 2025.

29.     Prior to March 3, 2025, Plaintiff was not aware that $1,200.00 was to be debited from Plaintiff's DISCOVER by an unknown recipient, as delineated above.

30.     On March 3, 2025, Plaintiff provided Defendant with notice that she disputed the debit of funds by Baby Zaddy relative to Plaintiff's DISCOVER Account on March 3, 2025.

31.     On March 3, 2025, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's DISCOVER Account, such as:

      a.    Plaintiff's DISCOVER Account number;

      b.    Plaintiff's personal identifying information;

      c.    The name under which Plaintiff's DISCOVER Account was registered;

      d.    The date of the transaction which Plaintiff disputed relative to Plaintiff's DISCOVER Account;

      e.    The amount of the transaction which Plaintiff disputed relative to Plaintiff's DISCOVER Account; and,

32.     On March 3, 2025, Plaintiff provided Defendant with notice that the debit of funds by Baby Zaddy relative to Plaintiff's DISCOVER Account on March 3, 2025, was an unauthorized electronic transfer of funds from Plaintiff's DISCOVER Account.

33.     On March 3, 2025, Plaintiff informed Defendant that she did not provide Baby Zaddy or any other person or entity with consent to debit funds from Plaintiff's DISCOVER Account on March 3, 2025

34.    On March 3, 2025, Plaintiff informed Defendant that she disputes owing the $1,200.00 debited from her account by Baby Zaddy on March 3, 2025.

35.    On March 3, 2025, Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why Plaintiff believed the debit of funds by an unknown recipient on March 3, 2025, was carried out in error, such as:

   a.    Plaintiff never authorized the debit of funds from Plaintiff's DISCOVER Account;

   b.    Plaintiff never provided an unknown recipient with permission, consent or authority to debit funds from Plaintiff's DISCOVER Account;

   c.    There were obvious fraud alerts on her account such that she was receiving calls from Defendant about the possible compromise of Plaintiff's DISCOVER Account.

36.    To date, Defendant failed conducted any investigation relative to the error complained of by Plaintiff within ten (10) days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(a).

37.    On March 7, 2025, Defendant provided a response to Plaintiff's dispute stating that it was a valid transaction.

38.    Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

39.    Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from

the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

40.     Defendant violated the Electronic Funds Transfers Act by holding Plaintiff liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

41.     Presently, Plaintiff remains without the $1,200.00 debited by Baby Zaddy from Plaintiff's DISCOVER Account.

42.     Plaintiff is neither legally responsible nor obligated to pay the $1,200.00 to Baby Zaddy.

43.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, JAIDYN WASHINGTON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

        a.     All actual compensatory damages suffered;

        b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

        c.     Treble damages allowable under 15 U.S.C. §1693f(e);

        d.     Plaintiff's attorneys' fees and costs; and,

        e.     Any other relief deemed appropriate by this Honorable Court.

## V.     JURY DEMAND

44.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**JAIDYN WASHINGTON**

By:   s/ David M. Marco
Attorney for Plaintiff

Dated: November 25, 2025

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court,
Sarasota, FL 34240
**Telephone:**  (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:       dmarco@smithmarco.com